IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHAWN MANNS,
   Plaintiff,
     v.

CIVIL ACTION FILE
NO. 1:06-CV-0609-TWT

CITY OF ATLANTA, et al.,
   Defendants.

ORDER

This is an employment discrimination action. It is before the Court on the Defendants' Motion for Judgment on the Pleadings [Doc. 21] and the Plaintiff's Motion for Default Judgment [Doc. 25]. For the reasons set forth below, the Defendants' motion is DENIED and the Plaintiff's motion is DENIED.

I. BACKGROUND

The Plaintiff, Shawn Manns, filed his complaint in this Court on March 15, 2006, alleging employment discrimination under Title VII and 42 U.S.C. §§ 1981 and 1983. The Defendants subsequently filed two motions to dismiss. On July 14, 2006, Magistrate Judge King recommended that the first motion be granted in part and denied in part and the second motion be denied on procedural grounds. Specifically, Judge King recommended that the Plaintiff's Title VII claims be dismissed and that

the Defendants' second motion should be denied under Federal Rule of Civil Procedure 12(g). The Court subsequently adopted these recommendations, and as a result, only the Plaintiff's section 1981 and 1983 claims remain.

Ten days after Judge King issued her Report & Recommendation, the Defendants' initial counsel, Deborah Wakefield, withdrew from the case. She was replaced by Cleora Anderson. On August 29, 2006, the Defendants then filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c). During a September 20, 2006 conversation with the Plaintiff's counsel, Ms. Anderson learned for the first time that the Defendants had not yet filed an answer to the complaint. Ms. Anderson affirms that she offered at that time to promptly file a Motion for Leave to File an Answer. According to Ms. Anderson, they agreed that they would talk again on Monday, September 25, and that, in the interim, neither would file any motions regarding the Answer. On September 24, 2006, however, the Plaintiff filed a motion for default judgment based on the Defendants' failure to file an answer.

## II. DISCUSSION

### A. Plaintiff's Motion for Default Judgment

Because the Defendants failed to file a timely answer to the Plaintiff's complaint, the Plaintiff has moved for this Court to find the Defendants in default. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, default is appropriate

against a party who has failed to plead or otherwise defend a lawsuit. If the party has entered an appearance in the action, only the court can enter a default judgment. Fed. R. Civ. P. 55(b)(2). By filing motions to dismiss, the Defendants have clearly made an appearance in this case. See Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n, 874 F.2d 274, 277 (5th Cir. 1989) ("The filing of a motion to dismiss is normally considered to constitute an appearance..."). It is thus within the sole discretion of this Court to determine whether a default judgment is merited.

The Eleventh Circuit has held, moreover, that default be used only sparingly and in extreme circumstances, "as the court has available to it a wide range of lesser sanctions." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316-17 (11th Cir. 2002) (quoting Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985)). The Mitchell court further made clear that it "must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." Id. In that case, the plaintiff, who filed a tort action against a cigarette manufacturer, appealed the district court's denial of default judgment against the defendants. He argued that judgment was appropriate because the defendants had been properly served with the complaint, yet failed to file any answer or defense within the prescribed time frame. The record demonstrated, however, that the defendants had (1) participated in the case's removal, (2) filed a notice of appearance

before the motion for default, and (3) filed a motion to dismiss shortly after the deadline for responsive pleadings. Id. at 1317. Moreover, the plaintiff could not show that this failure by the defendants prejudiced him in any way. The Eleventh Circuit thus upheld the district court's ruling, reasoning that "exceptional circumstances that would justify entry of a default judgment are not present." Id.

Here, the Court finds no exceptional circumstances mandating a result different from the one reached in Mitchell. Indeed, by filing their motions to dismiss prior to the pleadings deadline, the City of Atlanta and Rubin have demonstrated more diligence than the defendants in Mitchell. Given this jurisdiction's strong preference that cases be heard on their merits, the Court finds default inappropriate.

Furthermore, even if an entry of default had been made against the Defendants, this Court would have good cause to set it aside. Four factors must be considered when assessing whether good cause exists to set aside an entry of default under Rule 55(c):

> (1) whether the defaulting party took prompt action to vacate the default; (2) whether the defaulting party provided a plausible excuse for the default; (3) whether the defaulting party presented a meritorious defense; and (4) whether the party not in default will be prejudiced if the default is set aside.

In re Tires and Terms of Columbus, Inc., 262 B.R. 885, 888 (Bankr. M.D. Ga. 2000) (quoting Turner Broadcasting Sys., Inc. v. Sanyo Electric, Inc., 33 B.R. 996, 1001

(N.D. Ga.1983), aff'd, 742 F.2d 1465 (11th Cir.1984)).[1]  Here, all factors weigh in favor of setting aside a default entry or judgment.  First, it is undisputed that the Defendants' failure to answer was the result of an honest mistake by the new attorney.  (Cleora Anderson Aff., ¶ 5.)  Moreover, the Plaintiff has demonstrated absolutely no prejudice as a result of this delay.  Finally, the Defendants have taken prompt action by responding to this motion for default and, seeking leave to file an answer.  Accordingly, the Court finds no grounds to grant the Plaintiff's motion.

### B. Defendants' Motion for Judgment on the Pleadings

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may file a motion for judgment on the pleadings only after the pleadings have closed.  Rule 7(a) provides that allowable pleadings will include a complaint and an answer.  Accordingly, "[a] motion for judgment on the pleadings may not be filed before the answer."  Geltman v. Verity, 716 F. Supp. 491, 491-92 (D. Colo. 1989); see also Poliquin v. Heckler, 597 F. Supp. 1004, 1006 (D. Me. 1984) ("[T]he pleadings are not closed until after the defendant has filed an answer..."); Stands Over Bull v. Bureau

---

[1] Even where default judgment is entered, under these circumstances a court would have good cause to have that judgment set aside pursuant to Rule 60(b).  See Florida Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) ("In order to establish mistake, inadvertence, or excusable neglect, the defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint.").

of Indian Affairs, 442 F. Supp. 360, 367 (D. Mont. 1977) ("When a defendant has failed to file an answer, a motion for judgment on the pleadings is not the correct procedural remedy."). The Defendants' motion must therefore be denied.

### III. CONCLUSION

For the reasons set forth above, the Defendants' Motion for Judgment on the Pleadings [Doc. 21] is DENIED and the Plaintiff's Motion for Default Judgment [Doc. 25] is DENIED.

SO ORDERED, this 30 day of October, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge